UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 95-40209 CW |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION OF VIOLATIONS OF THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE OR PROBATION |
| MASALA MAJID JAMES, | ) | |
| Defendant. | ) | |
| _____ | ) | |

The magistrate court recommends to the district court that it accept the defendant's admission to a violation of the terms and conditions of his supervision as charged in the petition filed on October 25, 2007. Specifically, on July 13, 2010, the defendant admitted charge one -- that he violated the general condition that he obey all laws -- and admitted specifically that he was convicted of bank robbery in violation of California Penal Code § 211 on May 10, 2010 in Alameda Superior Court, docket number H45120, and was sentenced on June 9, 2010 to 18 years' custody. The parties agreed on the record that at sentencing, the Probation Officer would withdraw the other charge alleged in the petition and that all parties (government, defense, and probation) would recommend the following sentence: 24 months' custody to run concurrently with the 18-year state sentence imposed in the underlying state case with no term of supervision to follow. Given that the defendant is now serving his state sentence at San Quentin prison, he will ask the Court at sentencing to recommend to the Bureau of Prisons that it house him at San Quentin. The parties and

REPORT AND RECOMMENDATION
CR 95-40209 CW

1  James acknowledged specifically that their sentencing recommendation is a recommendation only
2  that is not binding on the district court.
3        The magistrate court also makes the following findings:
4        1. On the hearing date set forth above, with the assistance of counsel, the defendant waived
5  his right to admit the violations in district court and instead consented to admit the violations in a
6  hearing in magistrate court.  Specifically, the magistrate court advised him that he had a right to
7  admit the violations in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal
8  Procedure 59, he could waive that right and consent to admit the violations in a hearing in magistrate
9  court.  The magistrate court also advised him that it would issue a written report recommending that
10 the district court accept the admissions, that the district court would review the recommendation and
11 decide whether to accept the admissions, and that the district court and not the magistrate court
12 would sentence him.  The magistrate court also advised him of the procedures (also set forth at the
13 end of this order) for challenging the magistrate court's recommendation.  The defendant then
14 waived his right to proceed in district court and consented to the magistrate court's conducting the
15 hearing regarding the admission of the supervised release violations.
16       2. The magistrate court then reviewed, and the defendant acknowledged that he understood,
17 the following: (a) the nature of the charge and the maximum penalty he faced; (b) his rights under
18 Federal Rule of Criminal Procedure 32.1(b)(2); (c) the district court, not the magistrate court, would
19 conduct the sentencing; and (d) the parties' sentencing agreement was not binding on the district
20 court.
21       3. After the advisements set forth in Rule 32.1(b)(2) and summarized here, the defendant
22 waived his right to a Rule 32.1(b)(2) hearing and admitted the charges summarized above.  The
23 magistrate court found that he was fully competent and capable of admitting the charges in the
24 petition, that he was aware of the nature of the charges and the consequences of admitting them, and
25 that his admission and waiver of rights were knowing and voluntary.  This court thus recommends to
26 the district court that it accept the defendant's admissions.
27       4. Any party may serve and file specific written objections within fourteen days after being
28 served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file

REPORT AND RECOMMENDATION
CR 95-40209 CW                                           2

1 | objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

2 |     5. At the parties' request, this court set the matter for further proceedings before the district

3 | court on Wednesday, July 14, 2010, at 2:00 p.m.

4 |     IT IS SO RECOMMENDED.

5 | Dated:  July 13, 2010                                              _____

6 |                                                                                                  LAUREL BEELER<br>United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 95-40209 CW                                            3